## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| REBECCA LAWLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| AEGIS RECEIVABLES | ) **JURY TRIAL DEMAND** |
| MANAGEMENT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW, Plaintiff Rebecca Lawler ("Plaintiff") and, for her Complaint against Aegis Receivables Management, Inc. ("Aegis") shows as follows:

### PARTIES

1. Plaintiff is a natural person with her personal residence located in the State of Georgia.

2. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

3. Aegis is a foreign corporation registered to do business in Georgia.

4. Aegis is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

1

5.      Aegis may be served through its registered agent, Corporation Service Company, which has an address of 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, in that this matter arises under Federal law.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because the Northern District of Georgia is the judicial district wherein a substantial part of the events or omissions relevant to this action took place and Defendant is subject to personal jurisdiction in the Northern District of Georgia.

## RELEVANT FACTS

8.      Aegis has violated the Fair Debt Collection Practices Act ("FDCPA") by illegally contacting Plaintiff and harassing Plaintiff in Aegis' attempts to collect a debt from Plaintiff.

9.      On or around November 3, 2009, Aegis contacted Plaintiff via telephone in an effort to collect an American Express Bank (Account No. 372********1004) debt ("Debt") from Plaintiff. During this phone call Plaintiff told Aegis that she had filed for bankruptcy and that she was represented by an attorney. She provided Aegis with her attorney's contact information. After being told this information, Aegis' collector

2

continued to try to persuade Plaintiff to pay the Debt. Plaintiff finally discontinued the phone call.

10.     One hour later, the same Aegis collector called Plaintiff back to try to collect the Debt. Aegis' collector hung up on Plaintiff after Plaintiff threatened to sue Aegis.

11.     On or around November 6, 2009, Aegis again contacted Plaintiff via telephone in an effort to collect the Debt. During this phone call Plaintiff again told the Aegis' collector that she was represented by an attorney. Plaintiff also told the Aegis collector that she would not talk to Aegis about the Debt and that Aegis should not call her again. During this phone call Aegis' collector belittled Plaintiff and harassed Plaintiff about not paying her debt.

12.     On or around November 8, 2009, Plaintiff received a collection letter from Aegis dated November 4, 2009. The purpose of this letter was to collect the Debt from Plaintiff.

13.     On or around November 9, 2009, Plaintiff's attorney faxed and mailed a letter to Aegis advising Aegis that Plaintiff was represented by an attorney and that Aegis should direct all further communication regarding the Debt to Plaintiff's attorney. This letter provided Plaintiff's attorney's name, address and telephone number.

14. On or around December 12, 2009, Plaintiff received a collection letter from Aegis dated December 4, 2009. The purpose of this letter was to collect the Debt from Plaintiff. Aegis sent this letter directly to Plaintiff's home address.

15. Plaintiff has suffered actual damages in the form of emotional and mental distress as a result of Aegis' harassing phone calls and illegal letters.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates herein by reference the preceding paragraphs of this complaint.

17. Aegis has violated the provisions of the FDCPA by failing to comport with 15 U.S.C. § 1692b(6) by contacting Plaintiff after being informed by Plaintiff and Plaintiff's attorney that Plaintiff was represented by an attorney and any communications regarding the Debt should be directed to Plaintiff's attorney.

18. Aegis has violated the provisions of the FDCPA by failing to comport with 15 U.S.C. § 1692d(2) by harassing and belittling Plaintiff during Aegis' phone calls to Plaintiff.

19. Aegis has violated the provisions of the FDCPA by failing to comport with 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring repeatedly and by engaging Plaintiff in telephone conversations with the intent to annoy, abuse and harass Plaintiff.

20.     As a result of Aegis' violations of 15 U.S.C. §§ 1692b(6), 1692d(2) and 1692d(5), Plaintiff has sustained damages as a result of the mental and emotional pain and anguish suffered by Plaintiff.

21.     As a result of Aegis' actions Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(1).

22.     As a result of Aegis' actions Plaintiff is entitled to recover additional damages pursuant to 15 U.S.C. § 1692k(2)(A).

23.     As a result of Aegis' actions Plaintiff is entitled to recover the costs of this action, together with Plaintiff's attorney's fees pursuant to 15 U.S.C. § 1692k(3).

WHEREFORE, Plaintiff prays for the following relief:

(a) That the Court enters judgment in favor of the Plaintiff and against Defendant in an amount to be determined at trial, including statutory and actual damages, as well as, attorney's fees, expenses and costs; and,

(b) That the Court provides Plaintiff with such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL CAUSES OF ACTION**

(signature on next page)

Respectfully submitted, this 25th day of August, 2010.

              Floyd Legal Firm, LLC


              /s/ Keary Floyd
              Keary Floyd
              Georgia Bar. No. 142398

P.O. Box 466138
Lawrenceville, Georgia  30042
770-380-3402
678-823-8200 (Fax)
FloydLegal@yahoo.com